IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| AMIR HAKIM SALIM , | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 4:08-CV-142 CDL |
| STATE OF GEORGIA, MUSCOGEE COUNTY JAIL, MUSCOGEE SUPERIOR COURT, and MUSCOGEE SHERIFF'S DEPARTMENT, | * * * | |
| Defendants. | | |

**REPORT AND RECOMMENDATION**

Plaintiff has filed the above-styled action pursuant to 18 U.S.C. § 1983, along with a motion to proceed without the prepayment of the $350 filing fee or security therefor. As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause

to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full.   In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

## Preliminary Review

Petitioner's above styled Complaint filed under 42 U. S. C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit.:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seek redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U. S. C. § 1915 (e) (2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

2

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Furthermore, the United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

In his complaint, Plaintiff states that he is currently incarcerated in the Muscogee County Jail. (R-1). He states that he was previously ordered banned from the State of Georgia in February 2007 in the Muscogee County Superior Court. *Id.* He states that he was booked in the St Louis County Jail on September 29, 2008, and arrived at the Muscogee County Jail on October 14, 2008. *Id.* Plaintiff makes some vague allegation that the State of Georgia has now extradited him twice for failing to register as a sex offender. Plaintiff contends that he has filed a grievance because he was unable to make a legal phone call. *Id.* Nowhere in Plaintiff's complaint does he specify what constitutional rights have been

violated nor does he specify what individuals violated said rights.

As previously stated, a successful § 1983 action specifically requires that the plaintiff show he was **deprived of a federal right by a person acting under color of state law**. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978))(emphasis added). Defendants State of Georgia, Muscogee County Jail, Muscogee County Superior Court and Muscogee County Sheriff's Department are not "persons" within the meaning of 42 U.S.C. §1983. In a 1992 decision, *Dean v. Barber,* the Eleventh Circuit held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person"or entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). *See also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). While "Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d at 1214-1215. Georgia only "recognizes three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue," such as a partnership. *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988); *citing Cravey v. Southeastern Underwriters Association*, 214 Ga. 450, 453, 105 S.E. 2d 497 (1958). If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Smith v. Commissioners of Roads and Revenue of Glynn County,* 198 Ga. 322, 324, 31 S.E.2d 648, 649 (1944). The Georgia Supreme Court

has held that this type of defect is not amendable. *Id.; see also, Board of Road and Revenue Commissioners of Candler County v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956).

Just as in *Collins,* cited *supra,* in *Smith v. Commissioners of Roads and Revenue of Glynn County,* the Court found that the Board of Roads and Revenue of Glynn County was not a proper party as it was not a natural person, a corporation or a partnership. The Court, therefore, dismissed the plaintiff's suit. Similarly, the State of Georgia, Muscogee County Jail, Muscogee County Superior Court and Muscogee County Sheriff's Department, as named in the Plaintiff's lawsuit, are not natural persons, artificial persons, nor quasi artificial persons, and are not, therefore, subject to suit under 18 U.S.C. § 1983.

Additionally, Plaintiff's complaint reveals that he has alleged no physical injury resulting from the abovementioned actions. The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Eleventh Circuit Court of Appeals has held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). Plaintiff has made no allegation of physical injury and the factual allegations asserted by him do not indicate any such injury.

## CONCLUSION

It is recommended that Plaintiff's complaint be dismissed pursuant to the provisions

of 28 U.S.C. § 1915(a), as frivolous and for failing to state a claim upon which relief may be granted. To dismiss Plaintiff's Complaint without extending him the opportunity to amend the same would not be error, because no amendment could overcome the jurisdictional issue and would be futile. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999).

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2), for the above-stated reasons. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

So RECOMMENDED, this 10th day of November, 2008.

                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE

eSw